# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY P. MADSEN, | CASE NO. 08cv2236-WQH-JMA |
| Plaintiff, | ORDER |
| vs. | |
| KAISER FOUNDATION HEALTH PLAN, INC., | |
| Defendant. | |

HAYES, Judge:

    The matters before the Court are the Motion to Dismiss (Doc. 3) filed by Defendant Kaiser Foundation Health Plan and the Motion to Amend the Complaint (Doc. 6) filed by Plaintiff Roy Madsen.

## BACKGROUND

    On December 3, 2008, Plaintiff filed a Complaint in this Court against Kaiser Foundation Health Plan pursuant to Section 1852(g)(5) of the Social Security Act, 42 U.S.C. 1395w-22(g)(5). (*Complaint* ¶ IV.) Plaintiff seeks judicial review of the final decision of the Medicare Appeals Council. (*Id*.) The Complaint alleges that Plaintiff is enrolled in a Medicare Advantage (MA) plan offered by Kaiser Foundation Health Plan. (*Compl.*, Ex. 4 at 2.) In 2007, Plaintiff requested Kaiser's authorization, coverage, and payment for two procedures: (1) coverage of and payment for vascular surgery furnished to the beneficiary at the Mayo Clinic in Rochester Minnesota on January 26, 2007, and (2) pre-service authorization of coverage for a left total hip arthroplasty at the Mayo Clinic. (*Id*.) Kaiser denied coverage of

both procedures and Plaintiff appealed. (*Id.*) On August 10, 2007, Maximus Federal Services, an independent health dispute resolution agency, affirmed Kaiser's denial of coverage for both procedures. (*Id.*)

On March 13, 2008, Plaintiff appealed to Office of Medicare Hearings and Appeals and requested a hearing for reconsideration before an Administrative Law Judge (ALJ) pursuant to section 1869(b)(1)(A) of the Social Security Act. (*Compl.*, Ex. 1.) On April 21, 2008, the ALJ issued a written decision denying Plaintiff's claim for reimbursement. (*Compl.*, Ex. 2.)

On June 17, 2008, Plaintiff filed a request for review of the ALJ's decision with the Medicare Appeals Council. (*Compl.*, Ex. 3.) On October 6, 2008, the Medicare Appeals Council issued a written decision adopting the decision of the ALJ. (*Compl.*, Ex. 4.) The decision of the Council was sent to Plaintiff and Plaintiff's attorney along with a "Notice of Decision of Medicare Appeals Council on Request for Review." (*Id.* at 1.) The Notice stated the following:

> If you desire court review of the ALJ's decision and the amount in controversy is $1,180 or more, your may commence a civil action by filing a complaint in the United States District Court for the judicial district in which your reside or have your principal place of business. *See* § 1852(g)(5) of the Social Security Act, 42 U.S.C. § 1395w-22(g)(5). The complaint must be filed within sixty days after the date this letter is received. It will be presumed that this letter is received within five days after the date shown above unless a reasonable showing to the contrary is made.
>
> If you cannot file your complaint within sixty days, you may ask the Medicare Appeals Council to extend the time in which you may begin a civil action. However, the Council will only extend the time if you provide a good reason for not meeting the deadline. Your reason(s) must be set forth clearly in your request.
>
> If a civil action is commenced, the complaint should name the Secretary of Health and Human Services as the defendant and should include the HIC number and docket number shown at the top of this notice. The Secretary of Health and Human Services must be served by sending a copy of the summons and complaint by registered or certified mail to the General Counsel, Department of Health and Human Services, 200 Independence Avenue, S.W., Washington, D.C. 20201. In addition, you must serve the United States Attorney for the district in which your file your complaint and the Attorney General of the United States. *See* rules 4(c) and (i) of the Federal Rules of Civil Procedure and 45 C.F.R. § 4.1. You must also notify the other party of your appeal pursuant to section 1852(g)(5) of the Social Security Act.

(*Compl.*, Ex. 4 at 1-2.) The Notice was dated October 6, 2008. (*Id.* at 1.)

On December 24, 2008, Defendant filed a motion for dismissal of Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 3.) Plaintiff filed an opposition to the motion to dismiss and Defendant filed a reply. (Docs. 5, 8.)

On January 16, 2009, Plaintiff filed a motion to amend his complaint. (Doc. 6.) Defendant filed an opposition to the motion to amend and Plaintiff filed his reply. (Docs. 12, 13.)

## LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss under Rule 12(b)(6), the court reads the complaint in the light most favorable to the non-moving party. *Odom v. Microsoft Corp.,* 486 F.3d 541, 547 (9th Cir. 2007). "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Id*. Courts may "consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607 (9th Cir. 1992). "[T]here exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003).

## DISCUSSION

Defendant moves to dismiss on the ground that Kaiser is not the proper defendant in this action. Defendant asserts that the Secretary of the United States Department of Health and Human Services (Secretary) is the only proper defendant in cases involving an appeal from a

1  decision of the Medicare Appeals Council. Plaintiff asserts that Kaiser is a "necessary party
2  to this action" because "Kaiser's personnel must be subject to the direct jurisdiction of the
3  Court to respond to any discovery or interim orders issued by the Court." (Doc. 5 at 1.)

4  Plaintiff moves to amend his complaint to add the Secretary of Health and Human
5  Services as a defendant. Plaintiff explains that his counsel "inadvertently and negligently
6  failed to name the Office of the Secretary of Health and Human Services as a defendant in the
7  action." (Doc. 6-2 at 1.) Defendant opposes Plaintiff's motion to amend the complaint to the
8  extent that it seeks to add, rather than substitute, the Secretary as the defendant in this action.

9  Eligibility to receive coverage and payment of medical items and services under the
10 Medicare Advantage program is governed by section 1852 of the Social Security Act and the
11 regulations codified at 42 C.F.R. part 422. The Secretary has created an administrative review
12 process that allows a Medicare Advantage enrollee to challenge adverse coverage
13 determinations by his or her Medicare Advantage organization. 42 U.S.C. § 1395w-22(g); 42
14 C.F.R. § 422.560. If an enrollee disagrees with the initial determination of the organization,
15 the enrollee can request that the organization reconsider its decision. 42 U.S.C. §
16 1395w-22(g)(2); 42 C.F.R. § 422.578. If the organization does not reverse its earlier adverse
17 decision, it must send the case to an outside health dispute resolution agency for independent
18 review. 42 U.S.C. § 1395w-22(g)(4); 42 C.F.R. § 422.592. If the outside reviewing agency
19 upholds the organization's determination, and the amount in controversy is at least $100, the
20 enrollee may request a hearing before an ALJ. 42 U.S.C. § 1395w-22(g)(5); 42 C.F.R. §
21 422.600(a). If the enrollee disagrees with the decision of the ALJ, he may request that the
22 Medicare Appeals Council review the case. 42 U.S.C. § 1395w-22(g)(5); 42 C.F.R. § 422.608.
23
24 Once the Council renders its decision, "the individual [enrollee] or organization shall,
25 upon notifying the other party, be entitled to judicial review as provided in 42 U.S.C. § 405(g),
26 and both the individual and the organization shall be entitled to be parties to that judicial
27 review." 42 U.S.C. § 1395w-22(g)(5). Section 405(g) provides:
28     (g) Judicial review. Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of

> the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business. . . . As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. . . . Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.

42 U.S.C. § 405(g). The sixty-day time limit is not jurisdictional, but rather it is a statute of limitations which the agency may waive. *Banta v. Sullivan*, 925 F.2d 343, 345 (9th Cir. 1991). In any civil action seeking judicial review of a decision of the Medicare Appeals Council, "the Secretary of HHS, in his or her official capacity, is the proper defendant." 42 C.F.R. § 405.1136(d)(1).

In this case, Plaintiff seeks judicial review of the final decision of the Medicare Appeals Council. Kaiser Foundation is not the proper defendant. The motion to dismiss filed by Defendant Kaiser Foundation is granted. In light of the presumption in favor of granting leave to amend, and without determining any issues related to timeliness, the Court will allow Plaintiff to file and serve his first amended complaint naming the Secretary of Health and Human Services as the sole defendant.

## CONCLUSION

IT IS HEREBY ORDERED that the motion to dismiss (Doc. 3) filed by Kaiser Foundation Health Plan, Inc. is GRANTED. The motion to amend the complaint (Doc. 6) filed by Plaintiff is GRANTED. Plaintiff may file an amended complaint naming the Secretary of Health and Human Services as the sole defendant within 15 days of the date of this order.

DATED: June 2, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge